**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

**-vs-**                                   **Case No.  6:07-CR-48-ORL-19DAB-2**

**LEONARD V. SMITH,**

              **Defendant.**

---

# ORDER

This case comes before the Court on:

1.      Motion of Defendant to Reduce Sentence (Doc. No. 130, filed June 17, 2008);

2.      Order Directing Response on Retroactive Application of Crack Cocaine Amendment (Doc. No. 131, filed July 10, 2008);

3.      Response of the United States to Order Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 152, filed Nov. 17, 2008);

4.      Response of Defendant Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. No. 153, filed Nov. 18, 2008); and

5.      Motion of Defendant to Reduce Sentence (Doc. No. 154, filed Nov. 21, 2008).[1]

## Background

Defendant Leonard V. Smith was convicted of conspiracy to possess with intent to distribute five grams or more of cocaine base and a quantity of marijuana (Count I), possession with intent to

---

[1]     When a party is represented by counsel, all papers filed on behalf of that party must be signed by counsel.  M.D. Fla. R. 2.03(d).  The party represented by counsel may not file *pro se* documents without obtaining prior leave from the Court.  *Id.*

distribute cocaine base (Count II), and carrying a firearm during and in relation to a drug trafficking

offense (Count III).  (Doc. No. 95 at 1; Presentence Investigation Report ("PSR") at 1.)  At

sentencing Parker faced a guideline range of 57-71 months based on his total offense level of 23 and

his criminal history category of III.  (PSR ¶ 82.)  However, Smith's convictions for Counts I and II

carried a five-year mandatory minimum sentence (60 months).  (*Id.*)   He was sentenced to 41

months of imprisonment on Counts I and II after the Court granted the Government's Motion for

a downward departure based on Smith's substantial assistance, and he was sentenced to an additional

84 months on Count III, to run consecutive to the sentence imposed for Counts I and II.  (Doc. No.

95 at 8.)

Smith seeks a reduction in sentence for his convictions on Counts I and II based on

Amendments 706 and 715 to United States Sentencing Guidelines.  (Doc. No. 153.)   The

Government contends that no reduction is available for Smith because his crimes of conviction carry

a 60 month minimum sentence, the Amendments therefore cannot lower his sentence, and the Court

consequently lacks jurisdiction under 18 U.S.C. § 3582(c) to re-sentence Smith.  (Doc. No. 152.)

These exact issues were litigated and decided in the Government's favor in the case of

Smith's co-defendant, Jason Parker.  (Doc. No. 150, filed Nov. 3, 2008).  Smith does not contend

that there are any meaningful differences between his case and Parker's case.  (*Compare* Doc. No.

153, *with* Doc. No. 150.)  Nor does he present any additional arguments that warrant reconsideration

of the Court's earlier decision.  Accordingly, Smith is ineligible for a reduction in sentence for

exactly those reasons stated in the Order at Docket Number 150.

**Conclusion**

Based on the foregoing, the Court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to reduce

Defendant's sentence. The Order Directing Response on Retroactive Application of Crack Cocaine

Amendment (Doc. No. 131, filed July 10, 2008) is **DISCHARGED**. The Motion of Defendant to

Reduce Sentence (Doc. No. 154, filed Nov. 21, 2008) is **STRICKEN** as an unauthorized filing, and

the Motion of Defendant to Reduce Sentence (Doc. No. 130, filed June 17, 2008) is **DENIED** for

the reasons stated in this Order.

   **DONE** and **ORDERED** in Orlando,
Florida on December 28, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Defendant